IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MEGUN C. GAURKEE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW M. SAUL,[1] § <br> Commissioner of Social Security, § <br> § <br> § <br> Defendant. § | Civil Action No. 7:19-cv-00001-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Megun C. Gaurkee ("Gaurkee") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and Supplemental Security Income ("SSI") payments under Title XVI. ECF Nos. 5 and 16. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

## I.   STATEMENT OF THE CASE

On April 4, 2016, Gaurkee filed applications for a period of disability and DIB. *See* SSA Admin. R. (hereinafter, "Tr.") 12, ECF No. 14-1. She also filed an application for SSI on March

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

10, 2016. *Id.* In all applications, Gaurkee alleged that her disability began on August 1, 2012. *Id.* The Commissioner initially denied her claim on June 22, 2016 and denied it again on reconsideration on September 23, 2016. *Id.* Gaurkee requested a hearing, which was held before Administrative Law Judge ("ALJ") Michael Harris on October 27, 2017 via video, with Gaurkee and a vocational expert ("VE") in Wichita Falls, Texas, and the ALJ in Oklahoma City, Oklahoma. *Id.* The ALJ issued his decision on January 30, 2018, finding that Gaurkee was not disabled. Tr. 13.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Gaurkee had not engaged in substantial gainful activity since August 1, 2012, the alleged onset date. Tr. 15. At step two, he determined that Gaurkee had severe impairments of vasovagal response, learning disorder or borderline intellectual functioning, and depressive disorder. *Id.* At step three, the ALJ found that Gaurkee's impairments did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(p). Tr. 16. At step four, the ALJ ruled that Gaurkee had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she can perform simple tasks in a work environment that is not excessively stressful, where tasks are demonstrated and learned visually with supervisory encouragement, and involve only occasional, minimal changes in daily routines or work duties. Tr. 17. The ALJ also found that Gaurkee can relate to others on a superficial work basis and that she must avoid hazards, such as moving machinery and unprotected heights. *Id.* Additionally, he determined that she was unable to perform her past relevant work. Tr. 23. At step five, he found that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform. *Id.*

The Appeals Council denied review on November 2, 2018. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     FACTUAL BACKGROUND

According to her pleadings, testimony at the administrative hearing, and the administrative record, Gaurkee was born on October 23, 1979 and has at least a high school education. Tr. 23. Her employment history includes work as a kitchen helper and service attendant. *Id.* She asserts that a combination of impairments renders her disabled under the SSA. ECF No. 5 at 2.

## III.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Id.* § 404.1527; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir.

1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her past relevant work. *Id.* § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Id.* § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999). "The claimant bears the burden of showing that [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [his] limitation." 20 C.F.R. § 416.945(a)(1); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "It is more than a mere scintilla and less than a preponderance." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in

the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## IV. ANALYSIS

On appeal, Gaurkee argues that the opinions of Dr. Kownacki and the Texas Workforce Commission counselors, which the ALJ gave significant or great weight, do not support the ALJ's conclusion that she was capable of engaging in substantial gainful activity. ECF No. 16 at 8.

Gaurkee first argues that the ALJ erred by failing to include the limitations found by Dr. Kownacki, a psychologist who interviewed and examined her, in the RFC determination even after giving significant weight to his opinions. *Id.* at 10. Specifically, she contends that the ALJ failed to acknowledge that she has cognitive limitations and academic ability at an elementary school level. Further, she maintains that while the ALJ acknowledged that she would be limited to simple tasks, he did not account for a limitation that such tasks should be performed in minimal stages. *Id.* at 9. Additionally, she argues that although the ALJ recognized that she would need supervisory encouragement, he did not recognize a need for a job coach. *Id.* The Commissioner maintains that the ALJ was not required to mirror Dr. Kownacki's opinions in his RFC finding. ECF No. 17 at 7.

"The responsibility for determining a claimant's RFC lies with the ALJ . . . [and] the ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence." *Ewing v. Colvin*, No. 4:13-CV-085-A, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Moreover, "[t]he ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Instead, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing

5

specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) . . . ." SSR 96-8p, 1996 WL 374184 at *7.

In this case, the ALJ thoroughly reviewed and analyzed Dr. Kownacki's opinions. He closely assessed Dr. Kownacki's examinations of Gaurkee and detailed some of his specific findings in his decision. Although Dr. Kownacki did take note of the limitations indicated by Gaurkee, they were not reflective of his opinion as to Gaurkee's prospects for employment which he noted were "good" given her strong motivation and desire to work. Tr. 347. Upon giving "careful review" of "all of the evidence of record," the ALJ adopted Dr. Kownacki's opinions to the extent that they were supported by his objective medical findings and other objective medical findings in the record. Tr. 20, 23. Because an ALJ is not required to adopt all of a doctor's findings when assigning that doctor's opinion great weight, and there is substantial evidence supporting the ALJ's opinion that Gaurkee had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) barring the exceptions noted above, the undersigned finds no error in the ALJ's RFC assessment as it relates to Dr. Kownacki's opinions regarding Gaurkee's functional capacity.

Gaurkee also argues that the opinions of Dr. Rasco, her consultative examiner, support Dr. Kownacki's finding that her "problems represent a barrier to employment." ECF No. 16 at 10-11. In particular, Gaurkee points to Dr. Rasco's psychological evaluation in which he noted that Gaurkee had reported she could not "maintain effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public, or deal with normal pressures in a competitive work setting." *Id.* at 11; Tr. 325. However, the ALJ gave little weight to Dr. Rasco's opinion because it was the result of a single examination. Tr. 21. Moreover, the ALJ noted that Dr. Rasco's opinions as they pertain to Gaurkee's functional capacity were apparently the report of

Gaurkee, not Dr. Rasco. *Id.* Further, the ALJ found that the opinions were inconsistent with the medical evidence of record that often described Gaurkee as friendly, capable of working with others, and able to adapt to low pressure. Tr. 21-22. Therefore, the ALJ discounted Dr. Rasco's conclusion regarding Gaurkee's functional capacity because it was not supported by, and instead was contradicted by, Gaurkee's medical records. Accordingly, Gaurkee's claim that Dr. Rasco's opinions support that she is unable to work is without merit.

Gaurkee further contends that the ALJ erred by failing to consider some of the limitations found by the counselors from the Texas Workforce Commission in the RFC determination even after giving great weight to their opinions. ECF No. 16 at 12-14. Specifically, she maintains that the ALJ failed to evaluate her ability and the type of support that would be required to maintain employment. *Id.* at 12. Additionally, she argues that the ALJ failed to account for her need to work at her own pace, repeatedly perform tasks to learn them, have extra time for training, and have a job coach. *Id.* at 13. Further, she contends that the VE's testimony may have been different as to whether any jobs could be performed had the ALJ presented these limitations to the VE at the hearing.

As with Dr. Rasco, however, the opinion cited was Gaurkee's own report of her limitations, not the counselors'. Moreover, as correctly noted by the Commissioner, the ALJ did assess Gaurkee's ability to maintain employment by finding that she had the RFC to perform a limited range of light work. *See Perez*, 415 F.3d at 465 (holding that claimant's ability to maintain employment is subsumed in RFC determination without a showing that claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms); *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). By explicitly considering all symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical evidence and other evidence, and

7

opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927, the ALJ provided a sufficient explanation that supports the RFC determination and analysis of the counselors' opinions. It follows that the hypothetical question to the VE at the hearing properly included all relevant impairments.

## V.     CONCLUSION

The ALJ properly evaluated the opinions of Dr. Kownacki and the Texas Workforce Commission counselors in his RFC assessment. In doing so, the ALJ applied the correct legal standards, and substantial evidence supports his decision. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on December 19, 2019.

                                                                                             _____

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE